This cause came on to be heard on the demurrer to the petition and was argued by counsel.
 

 The relators, constituting the Board of County Commissioners of Clermont county, instituted mandamus in this court against the respondents as members of and constituting the State Belief Commission, seeking to compel the respondents to issue vouchers to the Auditor of State for the payment of $14,750.40 to Clermont county, which aggregate sum relators claim should have been allocated to that county for the months of January, February, March, April and May, 1936, under Sections 6, 6-a and 6-c of House Bill No. 627, enacted as an emergency measure by the First Special Session of the 91st General Assembly, which enactment authorized state grants for relief purposes to the counties by the State Belief Commission of Ohio.
 

 The petition alleges compliance by Clermont county with all the provisions of House Bill No. 627 necessary to entitle that county to participate in and receive distribution from the “State Belief Fund” provided under Sections 6 and 6-a and the “State Supplemental Fund” created under Section 6-c of House Bill No.
 
 *458
 
 627, and that Clermont county has received no unrepaid advances deductible from moneys allocable to that county under that act.
 

 This mandamus proceeding is brought by relators to compel the State Relief Commission to issue vouchers for the payment to Clermont county of the difference between the amounts allocable out of the “State Relief Fund” and the “State Supplemental Relief Fund” and the amount actually allocated to that county by the State Relief Commission out of those funds.
 

 On consideration whereof, it is ordered and adjudged that the demurrer be, and the same is hereby sustained, for the reason that the right of relators is not clear and unequivocal; the act, performance of which is desired by the relators, is not one of absolute obligation on the part of the State Relief Commission, and there has been no dereliction of duty on the part of that commission or allegation of any fraud, bad faith or abuse of discretion.
 

 Notwithstanding the mandatory language of Sections 6, 6-a and 6-c, this court is of opinion that under the provisions of Section 6-e the State Relief 'Commission is vested with discretion in determining the amounts to be allocated to the counties of this state.
 

 Demurrer sustained.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.